UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID L. VINCENT, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:09-cv-191 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff David Vincent brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On September 7, 2010, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 30.) Vincent later filed a Motion (Docket # 32) and Supplemental Motion (Docket # 40) to recover attorney fees in the amount of $6,141.50 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner, however, opposes Vincent's fee request, arguing that its litigation position was "substantially justified."

For the reasons set forth herein, Vincent's motions will be DENIED.

## I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires the Commissioner to show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009); *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

"Substantially justified does not mean justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citation and internal quotation marks omitted). Indeed, the Commissioner can take a position that is substantially justified, but still lose. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988). The Commissioner bears the burden of establishing that its position was substantially justified. *Stewart*, 561 F.3d at 683; *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

## II. DISCUSSION

Vincent offered several poorly-articulated arguments in opposition to the Administrative Law Judge's ("ALJ") original decision denying benefits. Specifically, Vincent claimed that the ALJ erred when evaluating a 2007 Medical Source Statement from Dr. Ralph Waldo, a treating physician, because: (1) Dr. Waldo's findings on Vincent's deficits in attention, concentration, and working with others were not consistent with the ALJ's Residual Functional Capacity ("RFC") finding; (2) the fact that Vincent worked a paper route was not inconsistent with Dr.

2

Waldo's opinion that he was limited in his ability to understand, remember, and carry out simple instructions; and (3) the fact that Vincent attended college part-time was not inconsistent with Dr. Waldo's findings that he was limited in his ability to maintain attention and concentration. Similarly, Vincent claimed the ALJ erred when evaluating a 2005 Medical Opinion from Dr. Waldo because: (1) the ALJ found it was merely an attempt to help Vincent secure benefits; (2) the ALJ misunderstood the opinion by noting that Dr. Waldo believed Vincent was employable; (3) the ALJ incorrectly found that Dr. Waldo did not delineate precisely what prevented Vincent from working; and (4) the ALJ incorrectly found that Dr. Waldo's treatment notes indicating Vincent was doing well were inconsistent with Dr. Waldo's opinion that Vincent was disabled. (Opening Br. of Pl. in Social Security Appeal 13-19.)

The Court easily concluded that the majority of Vincent's arguments amounted to an unpersuasive plea for the Court to reconsider the evidence in the hope it would come out in his favor. *See Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("[The Court] may [not] reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner."); *Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 447 (7th Cir. 2004).

However, Vincent's argument that the ALJ erred by finding that the limitations in the Medical Source Statement regarding Vincent's ability to perform work were consistent with his RFC was more persuasive. The Court noted that Dr. Waldo's Medical Source Statement found that Vincent had *no* useful ability to "maintain attention and concentration for extended periods" or to "work with or near others without being distracted by them." (Opinion and Order 16; Tr. 397-400.) In his opinion, however, the ALJ found that these portions of the Medical Source

3

Statement were consistent with his RFC, which only limited Vincent to jobs that allowed some independence in regard to timing and pace, have close and critical supervision, and have no intense contact with the public or strangers. Because of this contradiction, the Court held that the ALJ's reasoning could not be easily traced, *see Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), and remanded the case so that the ALJ could further consider the Medical Source Statement. (Opinion and Order 16-18.)

Nevertheless, the Commissioner's defense of the ALJ's opinion as a whole was substantially justified despite the Court's remand. *See Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).

To begin, the Court's decision in favor of remand was a very close call. The ALJ's opinion was thorough, and the ALJ discussed and analyzed the Medical Source Statement in depth. Ultimately, however, the Court was troubled by the apparent contradiction between the Medical Source Statement and the RFC and remanded the case so that the ALJ could better articulate his reasoning. "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees." *Purvis v. Barnhart*, No. 1:04-cv-2124, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

Furthermore, courts have frequently recognized that in cases, such as this one, where the

4

ALJ's error was one of articulation rather than a clear disregard for the evidence or the law, the Commissioner's position will frequently be substantially justified. *See Cunningham*, 440 F.3d at 863 (finding substantial justification where ALJ simply failed to meet articulation requirement); *Stein*, 966 F.2d at 320 ("That the ALJ failed to meet this articulation standard in no way necessitates a finding [that] the Secretary's position was not substantially justified"); *Maple v. Astrue,* No. 1:08-cv-469, 2010 WL 4687785, at *1-2 (S.D. Ind. Nov. 10, 2010); *cf. Golembiewski*, 382 F.3d (finding no substantial justification where the ALJ did not conduct a credibility determination and mischaracterized or ignored several lines of medical evidence).[1] Thus, although the ALJ could have better articulated his analysis of the Medical Source Statement, this deficiency does not rise to the level that the Commissioner was unreasonable in defending the ALJ's decision as a whole, particularly given that "the level of articulation required [by the ALJ] is far from precise." *Stein,* 966 F.2d at 319.

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001). In this case, the ALJ did not ignore entire lines of evidence or flagrantly disregard regulations and

---

[1] Vincent, in his Reply Brief, points out that there is no *per se* rule that the Commissioner's position is substantially justified whenever the error is inadequate articulation. The Court's determination that the Commissioner's position was substantially justified is not based on any *per se* rule, but it simply notes, as in both *Stein* and *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006), that failure "to meet the articulation requirement [does] not mandate a finding that the government's position was not substantially justified." *Conrad*, 434 F.3d at 991 (emphasis added). The Court analogizes this case with *Cunningham*, 440 F.3d 862, which, as *Conrad* points out, "is a proper use of our precedent." *Conrad*, 434 F.3d at 991. ("Any reliance on Stein as establishing . . . a *per se* rule [that precludes attorney's fees whenever the alleged error is the failure to articulate] would be erroneous, but the district court does not in fact rely on any such *per se* rule, instead merely analogizing this situation with the one presented in *Stein*. That is a proper use of our precedent.").

precedent. Rather, the Court could not trace the ALJ's reasoning in one part of his analysis of a single medical opinion, which he otherwise thoroughly discussed. Accordingly, the Commissioner's position as a whole was substantially justified, and Vincent's request for attorney fees will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified. Therefore, Vincent's Motion (Docket # 32) and Supplemental Motion for attorney's fees (Docket # 40) in the amount of $6,141.50 are DENIED.

SO ORDERED.

Enter for January 18, 2011.

                                              S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge